NO.
12-06-00107-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

LARAY HIGH,          §                      APPEAL FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

PER CURIAM

            Laray High
appeals his conviction for the offense of possession of a controlled substance
with intent to deliver.  Appellant
pleaded guilty to the offense, and his appellate counsel has filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967), and Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969).  Appellant
has not filed a brief, and the State formally waived the filing of a
brief.  We affirm.

 

Background

            Appellant
pleaded guilty to the first degree felony offense of possession of a controlled
substance with intent to deliver in an amount of more than four grams but less
than 200 grams.  There was no plea
agreement, and the trial court found Appellant guilty and assessed punishment
at fifty years of imprisonment.  This
appeal followed.

 

 

Analysis
Pursuant to Anders v. California

            Appellant’s
counsel has filed a brief in compliance with Anders and Gainous.  Counsel states that he has diligently
reviewed the appellate record and that he is well acquainted with the facts of
this case.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978), counsel’s brief presents a chronological summary of the
procedural history of the case and further states that counsel is unable to
present any arguable issues for appeal. 
Counsel notes that the record does not contain an acknowledgment of
admonishments form signed by Appellant that he says is common in these cases.  Counsel concedes, and our review reveals,
that Appellant was given the proper admonishments before his guilty plea was
accepted.  See Tex. Code Crim. Proc. Ann. art. 26.13
(Vernon Supp. 2006).

            We
have considered the brief submitted by Appellant’s counsel and have conducted
our own independent review of the record. 
See Anders, 386 U.S. at 745, 87 S.Ct. at 1400; see also
Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L.
Ed. 2d 300 (1988).  We have found no
reversible error.  See Bledsoe v.
State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

 

Conclusion

            As
required, Appellant’s counsel has moved for leave to withdraw.  See Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
After considering the record and the brief and having found no
reversible error, we affirm the judgment of the trial court and grant
Appellant’s counsel’s motion for leave to withdraw.

 

Opinion
delivered August 31, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

(DO NOT PUBLISH)